# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JOHN JAIRO SANCHEZ-DIAZ | Docket No.: 18-cr-00273 <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

**THIS MATTER** comes before the Court upon Defendant John Jairo Sanchez-Diaz's Motion for Motion of Extension of Time to file a habeas petition pursuant to 28 U.S.C. § 2255. Def'.s Mot., ECF 38. For the reasons set forth below, Defendant's motion is **GRANTED**.

## I. PROCEDURAL BACKGROUND

On May 8, 2018, Defendant John Jairo Sanchez-Diaz entered a plea of guilty to a one-count information that charged that on August 10, 2017, Mr. Sanchez-Diaz distributed and possessed with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF Nos. 20, 22. On November 20, 2018, the defendant was sentenced to 84 months imprisonment and a term of supervised release of three years. ECF No. 34. On November 15, 2019, the Defendant filed a Motion for Motion of Extension of Time to file a habeas petition pursuant to 28 U.S.C. § 2255. ECF No. 38.

## II. MOTION FOR EXTENSION OF TIME

Defendant's motion for extension of time comes prior to the filing a § 2255 habeas petition. The Third Circuit has held that district courts have subject matter jurisdiction to rule on a § 2255 motion for an extension of time before the substantive motion for relief is actually filed. *United States v. Thomas*, 713 F.3d 165, 173-74 (2013). Under § 2255, petitioners are granted one year form the date on which the judgment of conviction became final within which to file a habeas petition. 28 U.S.C. § 2255(f)(1). Defendant Sanchez-Diaz's judgment of conviction became final on November 20, 2018. ECF No. 34. Although his motion for extension of time was docketed on November 25, 2019, it is dated November 15, 2019, within the one-year limitation period. ECF No. 38. The Court has jurisdiction to decide Mr. Sanchez-Diaz's motion.

"[E]quitable tolling permits untimely habeas filings in 'extraordinary circumstances.'" *Thomas*, 713 F.3d at 174 (citing *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)). In determining whether equitable tolling should apply, the unique circumstances of each petitioner seeking relief under § 2255 must be taken into

account. *See id.* (citing *Pabon v. Mahaney*, 654 F.3d 385, 399 (3d Cir. 2011)). "[E]quity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (citing *Holland v. Florida*, 560 U.S. 631 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). Nevertheless, equitable tolling should be used sparingly, *see id.*(citations omitted), and "[m]ere excusable neglect is insufficient." *Id.* (citing *Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002).

The difficulties of prison life like transfers or solitary confinement do not qualify as extraordinary circumstances warranting equitable tolling. *See Coker v. United States*, No. 13-0349, 2016 WL 310751, at *5 (D.N.J. Jan. 26, 2016) (stating that difficulties of prison life like transfers standing alone do not establish extraordinary circumstances to warrant equitable tolling); *United States v. Green*, Crim. No. 07-0271, 2013 WL 606341, at *3 (W.D. Pa. Feb. 19, 2013) ("[D]ifficulties attendant to prison life, such as solitary confinement, restricted access to the law library and an inability to secure court documents, are routine restrictions of prison life and do not qualify as 'extraordinary circumstances' warranting equitable tolling.").

Mr. Sanchez-Diaz argues that he is entitled to an extension because: (1) he has limited command of the English language; (2) he did not carefully comprehend most of the facts of his case, which he regards as complex and requiring extensive research; and (3) he is not housed in a facility that provides the necessary tools for him to conduct legal research. Def.'s Mot. ECF 38. If governmental action that violated the defendant's constitutional rights impeded the defendant from making a motion within one year, then the one-year deadline begins to run from the date that the impediment created by the governmental action was removed. 28 U.S.C. § 2255(f)(2). The Third Circuit is the only circuit to permit motions for extension of time to be determined apart from the underlying merits of a § 2255 petition. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000); *United States v. Hernandez*, 431 Fed. App'x 813, 814 (11th Cir. 2011); *United States v. White*, 257 Fed. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 Fed. App'x 573, 574 (5th Cir. 2005); *United States v. Moore*, 56 Fed. App'x 686, 687 (6th Cir. 2003). The Court declines to decide either the date of the one-year deadline or whether some extraordinary circumstance stood in his way and prevented timely filing without the benefit of defendant's § 2255 petition. Consequently, Defendant Sanchez-Diaz shall have 90-days from the issuing of this opinion and accompanying order to file his §2255 habeas petition, which shall address both the issue of timeliness and underlying merits.

## III. CONCLUSION

For the reasons stated above, Defendant's motion is **GRANTED**. An appropriate order follows.

Date: February 3, 2020

WILLIAM J. MARTINI, U.S.D.J.